IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                            Case No. 4:19-cr-00403 KGB

TRACY LIVINGSTON                                                                      DEFENDANT

### ORDER

Before the Court is Tracy Livingston's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. Nos. 28; 29). The Government has responded in opposition (Dkt. No. 38). Mr. Livingston has filed a reply (Dkt. No. 39). Mr. Livingston also requests leave to file an amended § 2255 motion (Dkt. Nos. 40; 43), and he seeks a sentence reduction (Dkt. No. 44). The Government has responded to Mr. Livingston's sentence-reduction request (Dkt. No. 45). For the following reasons, the Court denies, in part, the § 2225 motion and grants an evidentiary hearing on the ineffectiveness claim (Dkt. Nos. 28; 29). Counsel will be appointed for Mr. Livingston, and the evidentiary hearing will be set by separate Order. The Court denies Mr. Livingston's motions seeking leave to file an amended § 2255 motion (Dkt. Nos. 40; 43). The Court also denies Mr. Livingston's request for a sentence reduction (Dkt. No. 44).

   I.   **Background**

Mr. Livingston was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 1). On February 26, 2020, he pled guilty to the charged offense; there is no written plea agreement. With no objection to the presentence report, the Court accepted the guilty plea and adopted the undisputed findings that, at the time of his conviction, Mr. Livingston qualified as an armed career criminal under the Armed Career Criminal

Act, 18 U.S.C. § 924(e) ("ACCA"), based on four prior Arkansas state court convictions: (1) 2011 conviction of two counts of aggravated assault in Pulaski County Circuit Court, Case No. CR10-4388; (2) 2011 conviction of aggravated assault in Pulaski County Circuit Court, Case No. CR11-3800; (3) 2017 conviction of three counts of delivery of morphine in Pulaski County, Case No. CR16-4538; and (4) 2017 conviction of one count of aggravated assault on a family or household member in Pulaski County Circuit Court, Case No. CR17-1167. This Court sentenced Mr. Livingston as an armed career criminal to the statutory mandatory minimum of 180 months of imprisonment and to three years of supervised release (Dkt. No. 26). The Court entered judgment on February 27, 2020; Mr. Livingston did not file a notice of appeal.

On March 19, 2021, Mr. Livingston filed a *pro se* motion for extension of time to file a § 2255 motion, stating that he had asked his trial lawyer to appeal his sentence (Dkt. 28). In June 2022, Mr. Livingston filed a second *pro se* paper, arguing his sentence is illegal because, based on new constitutional law, he would not have received an enhanced sentence as an armed career criminal (*See generally* Dkt. No. 29). Finding the allegation in the initial filing sufficient to support a § 2255 ineffectiveness claim, this Court construed Mr. Livingston's filings as a § 2255 motion and supplemental material, reserving the issue of timeliness pending additional supporting material and argument from Mr. Livingston. This Court took under advisement the request for appointment of counsel (Dkt. No. 30). Mr. Livingston thereafter filed a notarized affidavit, stating that he timely placed the papers in the prison mail system (Dkt. No. 32).

Mr. Livingston also has filed two *pro se* motions seeking leave to file an amended § 2255 motion (Dkt. Nos. 40; 43). In the first motion, he contends that he is actually innocent because 18 U.S.C. § 922(g)(1) is unconstitutional based on recent precedent (Dkt. No. 40, at 3–6). In the second motion, he argues that his constitutional rights were violated based on new precedent

because a jury did not determine whether his predicate offenses under the ACCA were committed on separate occasions, as required by 18 U.S.C. § 924(e)(1) (Dkt. No. 43, at 2–6).

## II.     Procedural Requirements

"Section 2255 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)).  The statute provides for collateral review of the defendant's sentence based on claims of "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States,* 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)).  Remedies for errors of law are available only when the "claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (internal quotation marks omitted) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Federal courts generally will not review a § 2255 claim unless the defendant first raised the point on direct appeal. *Massaro v. United States,* 538 U.S. 500, 504 (2003) (citation omitted). To overcome procedural default, the defendant must show cause for the default and resulting prejudice or must show that he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622 (1998) (citations omitted).  Ineffectiveness claims are the exception and may be raised for the first time in a § 2255 proceeding. *Massaro,* 538 U.S. at 504–06.  The Eighth Circuit Court of Appeals has recognized ineffectiveness claims should be raised in a § 2255 proceeding, rather than on direct appeal.  *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

### III. Timeliness Of § 2255 Petition

Earlier in the case, this Court determined the § 2255 motion was timely filed if Mr. Livingston placed the initial filing in the prison mailing system on or before the filing deadline, March 15, 2021 (Dkt. No. 30, at 4).[1] *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day of filing."). At this Court's direction, Mr. Livingston filed a notarized affidavit stating that, while confined at the United States Penitentiary–McCreary in Pine Knot, Kentucky, he placed the papers in the prison mailing system on Saturday, March 13, 2021 (Dkt. No. 32). Mr. Livingston stated his belief that prison staff did not take outgoing mail to the post office over weekends (*Id.*).

With the prison mailbox rule, "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d). "An untimely § 2255 motion presents the government with an affirmative defense that precludes a court from granting relief . . . ." *Grady v. United States,* 269 F.3d 913, 919 (8th Cir. 2001). Conflicting proof of timeliness is a factual dispute warranting an evidentiary hearing. *Id.*

There is no factual dispute over the timeliness of the § 2255 motion in this case. In responding to the § 2255 motion, the United States has not presented evidence or argument challenging Mr. Livingston's attestation that he placed the initial filing paper in the prison mailing

---

[1] Mr. Livingston's conviction became final on March 13, 2020, when 14 days passed without a notice of appeal being filed. Fed. R. App. P. 4(b)(1)(A). The one-year limitations period for filing a § 2255 motion ended on March 13, 2021. 28 U.S.C. § 2255(f). Because March 13, 2021, was a Saturday, the filing deadline was Monday, March 15, 2021 (Dkt. No. 30, at 4). Fed. R. Civ. P. 6(a)(1)(C).

system on March 13, 2021. The motion therefore is timely; an evidentiary hearing on timeliness is not warranted.

## IV. Ineffectiveness Based On Failure To Appeal

In the initial filing, Mr. Livingston alleges that he asked his trial lawyer to "file a direct appeal" (Dkt. No. 28, at 1). Because a notice of appeal was not filed, this Court determined the allegation was sufficient to support a § 2255 ineffectiveness claim (Dkt. No. 30, at 4). The United States has submitted material challenging the claim (Dkt. Nos. 38-2; 38-3). For reasons stated herein, an evidentiary hearing is warranted.

To demonstrate constitutional ineffectiveness under the familiar *Strickland v. Washington* standard, the defendant ordinarily must show deficient performance and resulting prejudice. 466 U.S. 688 (1984). A trial lawyer's failure to file a notice of appeal despite "specific instructions" from the defendant is constitutionally deficient performance. *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) (citations omitted). To satisfy the prejudice element, Mr. Livingston must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. *See also Garza v. Idaho,* 586 U.S. 232, 245 (2019) (quoting *Flores-Ortega,* 528 U.S. at 484) (explaining that, even if the defendant has signed an appeal waiver, *Strickland* prejudice is presumed "'with no further showing from the defendant of the merits of his underlying claims.'").

At the close of the February 26, 2020, plea and sentencing hearing, this Court informed Mr. Livingston that, if he decided to appeal the conviction or sentence, he must file a notice of appeal within 14 days from the date of judgment. The Court told Mr. Livingston that, if he could not afford a lawyer on appeal, a lawyer would be appointed to represent him. The Court also told

5

Mr. Livingston that, if he decided to appeal, the Clerk of the Court would prepare and file a notice of appeal on his behalf. The day after the sentencing hearing, the trial lawyer wrote Mr. Livingston:

> Enclosed with this letter you will find a copy of the Judgment which the Court entered in your case. YOU SHOULD VERY CAREFULLY REVIEW EACH PROVISION SET FORTH IN THE JUDGMENT, SINCE YOU WILL BE HELD STRICTLY ACCOUNTABLE FOR EVERYTHING IN IT.
>
> As we discussed after the sentencing hearing, an appeal is not indicated in your case; so none will be taken.
>
> Now that your case has been concluded, I will be closing out your file here at the Federal Public Defender Office.
>
> I wish you the best of luck in the future.

(Dkt. No. 38-3).

In the § 2255 motion, Mr. Livingston states that he asked his trial lawyer to "file a direct appeal after [his] sentencing immediately" and that he has "yet still to hear from the courts or a [*sic*] appeal attorney about [his] appeal" (Dkt. No. 28, at 1). Over a year later in the supplemental § 2255 filing, Mr. Livingston indicates that he did not appeal from the judgment (Dkt. No. 29, at 5). In response, the trial lawyer attests that, after the plea and sentencing hearing, she advised Mr. Livingston that he did not have a "sound basis" for appeal (Dkt. No. 38-2, ¶ 4). She states that Mr. Livingston "understood and did not wish to appeal." (*Id.*). She says that, if Mr. Livingston had requested an appeal, she would have filed a notice of appeal and submitted a no-merit brief (*Id.*, ¶ 6).

Because the trial lawyer did not file a notice of appeal, the issue is whether Mr. Livingston asked her to appeal the judgment. Mr. Livingston must demonstrate that he "manifestly 'instructed [his] counsel to file an appeal.'" *Walking Eagle v. United States,* 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000))). He is not entitled to relief based on a "bare assertion," if the United States provides more credible evidence to the

contrary. *Id.* An evidentiary hearing is required unless the record "'affirmatively refutes'" Mr. Livingston's factual assertion. *See Watson v. United States,* 493 F.3d 960, 964 (8th Cir. 2007) (quoting *Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir. 1994)).

This Court has received conflicting allegations as to whether Mr. Livingston asked his trial lawyer to file a notice of appeal. Neither allegation is "facially incredible"; the allegations have "similar specificity" in describing when the alleged appeal conversation occurred. *Witthar v. United States,* 793 F.3d 920, 923–24 (8th Cir. 2015) (quoting *Franco v. United States*, 762 F.3d 761, 764–65 (8th Cir. 2014)). The trial lawyer's contemporaneous letter supports her affidavit but is not determinative. This Court therefore cannot make a credibility determination as to which allegation is true without the benefit of an evidentiary hearing. The Court will set an evidentiary hearing by separate Order.

V.     **ACCA Sentence Enhancement**

Mr. Livingston next argues that, based on precedent decided after his sentencing, his aggravated assault convictions no longer qualify as ACCA predicate offenses because they are not crimes of violence. He states that his enhanced sentence as an armed career criminal therefore is illegal. Mr. Livingston does not challenge the finding that his prior conviction of delivering morphine is a predicate offense.

A defendant convicted of being a felon in possession of a firearm qualifies as an armed career criminal subject to a 15-year mandatory minimum sentence, if the defendant has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A serious drug offense includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years

or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).  A violent felony includes a crime punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Under Arkansas law, aggravated assault occurs as follows:

(a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposefully:

  (1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person;

  (2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person; or

  (3) Impedes or prevents the respiration of another person or the circulation of another person's blood by applying pressure on the throat or neck or by blocking the nose or mouth of the other person.

Ark. Code Ann. § 5-13-204(a).

Domestic aggravated assault is similarly defined as follows:

(a) A person commits aggravated assault on a family or household member if, under circumstances manifesting extreme indifference to the value of human life, the person purposefully:

  (1) Engages in conduct that creates a substantial danger of death or serious physical injury to a family or household member;

  (2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to a family or household member; or

  (3) Impedes or prevents the respiration of a family or household member or the circulation of a family or household member's blood by applying pressure on the throat or neck or by blocking the nose or mouth of the family or household member.

Ark. Code Ann. § 5-26-306(a).

As explained herein, Mr. Livingston was convicted of aggravated assault on three different occasions in Pulaski County, Arkansas, Circuit Court, Case Nos. CR10-4388 (two counts), CR11-

3800, and CR17-1167 (against a family or household member). According to the presentence investigation report, the felony information in Case No. CR10-4388 and Case No. CR11-3800 track the statutory language in Arkansas Code Annotated § 5-13-204(a)(2). The sentencing order in Case No. CR17-11672 states that Mr. Livingston was convicted of aggravated assault on a family or household member in violation of Arkansas Code Annotated § 5-26-306(a)(2) (Dkt. No. 38-1). The charging documents and sentencing order are sufficient to narrow the convictions to violations of Arkansas Code Annotated § 5-13-204(a)(2) and § 5-26-306(a)(2). *United States v. Hataway,* 933 F.3d 940, 944–45 (8th Cir. 2019); *United States v. Horse Looking,* 828 F.3d 744, 747 (8th Cir. 2016). Moreover, Mr. Livingston admits that he was convicted of aggravated assault with a "deadly weapon." (Dkt. No. 29, at 7). A prior conviction under Arkansas Code Annotated § 5-13-204(a)(2) is "categorically a violent felony under the ACCA force clause and a crime of violence under the guidelines force clause." *Hataway,* 933 F.3d at 945. Because Arkansas Code Annotated § 5-26-306(a)(2) tracks the language in Arkansas Code Annotated § 5-13-204(a)(2), this Court finds the outcome is the same. Therefore, this Court properly considered Mr. Livingston's three prior aggravated assault convictions committed on different occasions as predicate offenses under the ACCA.

      Mr. Livingston is correct that, after the judgment was final, the United States Supreme Court held that an offense with a *mens rea* of recklessness does not qualify as a violent felony. *Borden v. United States,* 593 U.S. 420, 425–44 (2021). Even if the rule announced in *Borden* were to apply retroactively, Mr. Livingston's aggravated assault convictions would remain predicate offenses as violent felonies. Aggravated assault under Arkansas law requires purposeful conduct. Ark. Code Ann. §§ 5-13-204(a); 5-26-306(a)(2).

9

For these reasons, Mr. Livingston had at least three prior convictions for a violent felony or serious drug offense under the ACCA and, therefore, was properly sentenced as an armed career criminal.  18 U.S.C. § 924(e)(1).  The claim is denied.

### VI.     First Motion For Leave To Amend

On December 21, 2023, Mr. Livingston filed a motion seeking leave to amend his § 2255 motion to raise a new claim (Dkt. No. 40).  He contends that 18 U.S.C. § 922(g)(1) is unconstitutional and, therefore, that his conviction is void based on the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, decided after he filed his § 2255 motion (Dkt. No. 40, at 3–6).  In *Bruen,* the United States Supreme Court held that a state law requiring an applicant to demonstrate a special need for self-defense to obtain a public-carry license violated the Second Amendment of the United States Constitution.  597 U.S. 1, 71 (2022).  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, Mr. Livingston may amend his § 2255 motion with the Government's consent or the Court's leave.  The Government has not responded.

A preliminary issue is whether a new claim based on *Bruen* would be timely.  The one-year limitations period for filing a § 2255 motion begins to run on the date that the judgment becomes final.  28 U.S.C. § 2255(f)(1).  Earlier in this Order, this Court determined that Mr. Livingston's § 2255 motion was timely because he placed the initial filing in the prison mailing system on or before the filing deadline, March 13, 2021.  In the initial filing and supplemental paper, Mr. Livingston argues that his trial lawyer's work was constitutionally ineffective when she did not file the notice of appeal, and he challenges the ACCA sentence enhancement.  Because the original § 2255 motion and the new claim—challenging the constitutionality of 18 U.S.C. § 922(g)(1)—are not supported by a "common core of operative facts," an amended motion would not relate

back to date of the initial filing. *Mayle v. Feliz,* 545 U.S. 644, 659 (2005) (internal quotations omitted) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition); *see* Fed. R. Civ. P. 15(c). An amended motion therefore would be untimely under 28 U.S.C. § 2255(f)(1).

To the extent Mr. Livingston argues a new claim would be timely because he is asserting a new constitutional right based on *Bruen,* he is mistaken. When the United States Supreme Court recognizes a new right and makes that right retroactive on collateral review, the one-year limitations period for filing a § 2255 motion runs from the date that the Supreme Court recognizes the right. 28 U.S.C. § 2255(f)(3). However, Mr. Livingston filed his motion to amend more than one year after the Supreme Court decided *Bruen* on June 23, 2022. 597 U.S. 1. Moreover, the Supreme Court has not made the new constitutional right retroactive on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 664–65 (2001) ("We thus conclude that a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.").

In any event, Mr. Livingston would not be entitled to relief if his claim were timely filed. He makes no argument that *Bruen* may be applied retroactively, and the claim would fail on the merits. The Eighth Circuit Court of Appeals has rejected *Bruen*-based challenges to § 922(g)(1). *See, e.g., United States v. Doss,* Case No. 22-3662, 2024 WL 3964616, *1 (8th Cir. 2024) (*per curiam*) (unpublished).

Mr. Livingston's proposed amendment is untimely and meritless. Because amending the § 2255 motion would be futile, Mr. Livingston's first motion to amend is denied (Dkt. No. 40). *See Moore-El v. Luebbers,* 446 F.3d 890, 902 (8th Cir. 2006).

VII. **Second Motion For Leave To Amend**

On November 25, 2024, Mr. Livingston filed a second motion seeking leave to amend his § 2255 motion to raise a new claim (Dkt. No. 43). He contends his enhanced sentence is

unconstitutional based on *Erlinger v. United States*, which was decided after he filed his § 2255 motion (*Id.*, at 1–6). The Government has not responded. In *Erlinger,* the United States Supreme Court held that, under the Fifth and Sixth Amendments, a defendant is entitled to have a jury unanimously determine beyond a reasonable doubt whether predicate offenses were committed on separate occasions for purposes of the ACCA. 602 U.S. 821, 829–32 (2024).

Because Mr. Livingston's original motion and his new proposed claim are not supported by a "common core of operative facts," this proposed second motion for leave to amend would not relate back to the date of the initial filing. *Mayle,* 545 U.S. at 659. Therefore, the second motion for leave to amend would be filed outside the statutory limitations period under 28 U.S.C. § 2255(f)(1). Though Mr. Livingston filed his motion within one year of the *Erlinger* decision, the limitations period set out in § 2255(f)(3) is not available because the United States Supreme Court has not held that *Erlinger* is retroactive to cases on collateral review. *See Tyler,* 533 U.S. at 656, 664–65. For these reasons, a second amended motion would be untimely.

Even if the claims Mr. Livingston proposes in his second amended motion were timely filed, Mr. Livingston would not be entitled to relief. Even if *Erlinger* is applied retroactively, any constitutional error was harmless beyond a reasonable doubt because the predicate offenses occurred in different years and involved different victims. *United States v. Xavior-Smith,* 136 F.4th 1136, 1137 (8th Cir. 2025); *United States v. Sowell,* 82 F.4th 607, 610 (8th Cir. 2023) (en banc)*.* Mr. Livingston made no argument at the plea or sentencing hearing that his predicate offenses did not occur on different occasions. He did not object to the presentence report, which relied on two felony informations and an arrest report for the three aggravated assault convictions. These state court documents demonstrate that Mr. Livingston committed three different aggravated assaults against different victims in different years.

Mr. Livingston's second proposed amendment is untimely and meritless. Because amending the § 2255 motion would be futile, the Court denies Mr. Livingston's second motion to amend (Dkt. No. 43). *See Moore-El,* 446 F.3d at 902.

### VIII. Motion For Sentence Reduction

On July 1, 2025, Mr. Livingston filed in his § 2255 case a motion seeking a sentence reduction based on his rehabilitation efforts during his imprisonment (Dkt. No. 44). The Government responds and asserts that Mr. Livingston has failed to exhaust his administrative remedies before filing for such relief with this Court (Dkt. No. 45, at 2–3).

Federal inmates may not directly move for compassionate release before exhausting administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *United States v. Houck,* 2 F.4th 1082, 1083–84 (8th Cir. 2021). Exhaustion occurs at the earlier of two events: (1) the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf, or (2) "the lapse of thirty days from the receipt of such a request by the warden of the [prisoner's] facility." 18 U.S.C. § 3582 (c)(1)(A). The exhaustion requirement is a "mandatory claim-processing rule." *Houck,* 2 F.4th at 1084.

Mr. Livingston does not state in his motion seeking sentence reduction that he has pursued administrative remedies by first submitting a request for sentence reduction to the warden of his facility. Mr. Livingston also has not attached any documentation showing that such a request was made. His motion for sentence reduction therefore is premature, and this Court lacks jurisdiction.

In addition, Mr. Livingston makes inquiries about his First Step Act credits and a transfer to a low-security or camp facility (Dkt. No. 44, at 1–6). The federal Bureau of Prisons has the authority to administer federal sentences; exhaustion of administrative remedies is required prior to judicial review. *United States v. Wilson,* 503 U.S. 329, 335 (1992) (citations omitted). Mr.

Livingston again fails to allege or establish the exhaustion of administrative remedies. For these reasons, the Court denies without prejudice the motion for sentence reduction (Dkt. No. 44).

## IX. Conclusion

Mr. Livingston's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody is denied, in part (Dkt. Nos. 28; 29). His sentence enhancement claim is denied; an evidentiary hearing is granted on his ineffectiveness claim. Mr. Livingston has not made a "substantial showing of the denial of a constitutional right" based on his ACCA sentence enhancement claim, so this Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). Mr. Livingston's first and second motions for leave to amend and for sentence reduction are denied (Dkt. Nos. 40; 43; 44).

Because an evidentiary hearing on the ineffectiveness claim is granted, Mr. Livingston is entitled to appointment of an attorney. Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Court; *see also* 18 U.S.C. § 3006A. By separate Order, this Court will appoint an attorney for Mr. Livingston and will set a date for the evidentiary hearing on the ineffectiveness claim.

So ordered this 2nd day of September, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge