**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                               **Case No. 4:19-cr-00403 KGB**

**TRACY LIVINGSTON**                                                      **DEFENDANT**

**ORDER**

By prior Order, the Court denied, in part, defendant Tracy Livingston's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody and granted Livingston an evidentiary hearing on his ineffectiveness claim (Dkt. No. 46). The Court appointed counsel for Livingston (Dkt. No. 48). On March 19, 2026, the Court held an evidentiary hearing. For the following reasons, the Court finds that Livingston did not "manifestly 'instruct[] [his] counsel to file an appeal." *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). Accordingly, the Court dismisses with prejudice Livingston's § 2255 petition for writ of *habeas corpus* (Dkt. No. 29).

### I.      Relevant Factual Background

Livingston was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 1). On February 26, 2020, he pled guilty to the charged offense; there is no written plea agreement. With no objection to the presentence report, the Court accepted the guilty plea and adopted the undisputed findings that, at the time of his conviction, Livingston qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), based on four prior Arkansas state court convictions: (1) 2011 conviction of two counts of aggravated assault in Pulaski County Circuit Court, Case No. CR10-4388; (2) 2011 conviction of aggravated assault in Pulaski County Circuit Court, Case No. CR11-

3800; (3) 2017 conviction of three counts of delivery of morphine in Pulaski County, Case No. CR16-4538; and (4) 2017 conviction of one count of aggravated assault on a family or household member in Pulaski County Circuit Court, Case No. CR17-1167.  This Court sentenced Livingston as an armed career criminal to the statutory mandatory minimum of 180 months of imprisonment and to three years of supervised release (Dkt. No. 26).  The Court accepted Livingston's plea and sentenced him the same day, February 26, 2020 (*Id.*).  The Court entered judgment on February 27, 2020 (*Id.*).  Livingston did not file a notice of appeal.

On March 19, 2021, Livingston filed a *pro se* motion for extension of time to file a § 2255 motion, stating that he had asked his trial attorney, Nicole Lybrand, to appeal his sentence (Dkt. 28).  In June 2022, Livingston filed a second *pro se* paper, arguing his sentence is illegal because, based on new constitutional law, he would not have received an enhanced sentence as an armed career criminal (*See generally* Dkt. No. 29).  Finding the allegation in the initial filing sufficient to support a § 2255 ineffectiveness claim, this Court construed Livingston's filings as a § 2255 motion and supplemental material, reserving the issue of timeliness pending additional supporting material and argument from Livingston.  This Court took under advisement the request for appointment of counsel (Dkt. No. 30).  Livingston thereafter filed a notarized affidavit, stating that he timely placed the papers in the prison mail system (Dkt. No. 32).

On September 2, 2025, the Court's Order determined that Livingston was entitled to an evidentiary hearing as to the ineffectiveness claim (Dkt. No. 46).  The Court appointed counsel for Livingston (Dkt. No. 48).  On March 19, 2026, the Court held an evidentiary hearing.

## II.    Evidentiary Hearing

At the March 19, 2026, evidentiary hearing, the Court heard testimony from Livingston and Lybrand.  Livingston testified that the Court advised him of his right to appeal.  Livingston

stated that he told Lybrand that he wanted to appeal. When asked whether he told Lybrand in person, by writing, or by the phone, Livingston testified that he told her in person. Livingston then testified that he told Lybrand on two different occasions that he wanted to appeal. Livingston represents that he told Lybrand at the courthouse and over the phone while at Fordyce awaiting transfer to federal Bureau of Prisons ("BOP") custody. When asked about whether the conversation in the courthouse was in lockup or the courtroom, Livingston tentatively responded that it was in lockup. Livingston testified that, after his sentence was imposed, he left the courthouse very quickly.

Livingston was also asked whether he remembered a letter attached to one of the government's pleadings, which he did. That document was marked as Government's Exhibit 1. Livingston testified that he had already told Lybrand that he wanted to appeal before receiving that letter. He admitted receiving the letter. Livingston testified that he tried to contact Lybrand after receiving the letter but that she had already moved and that he was unable to contact her.

On cross examination, Livingston was asked how long after the sentencing hearing the conversation with Lybrand happened. Livingston represented that the conversation with Lybrand happened right after the hearing. Livingston testified that at no point before he learned that the appeal was not filed did he contact the Court of Appeals. Livingston also testified that he made no attempt to contact this Court about an appeal.

When Livingston was asked what Lybrand's response to his request for an appeal was, Livingston stated that Lybrand explained that she had gotten Livingston the lightest possible sentence and that there was no basis for an appeal. Livingston also represents that he told Lybrand he still wanted to appeal and that Lybrand told him that she would hand off the case to the next person because she was leaving the office.

The government called Lybrand to testify.  Lybrand testified that she represented Livingston from 2019 until he was sentenced in February of 2020, for the entirety of his case. Lybrand testified that, at the conclusion of the sentencing hearing, the Court advised Livingston of his appeal rights.  Lybrand represents that she discussed the possibility of filing an appeal with Livingston at the table in the courtroom.  Lybrand recalled that she spoke to Livingston at the table, that they discussed the nature of the plea, and that 15 years was the best possible outcome.  Lybrand testified that she told Livingston that he could file an appeal, but it would be a no-merit appeal. According to Lybrand, Livingston said okay, that he understood, that it was fine, and that he did not want to do it.

Lybrand testified that she did not have a conversation with Livingston in lockup after the sentencing hearing concluded.  Lybrand explained that Livingston was taken back to Fordyce very quickly after the sentencing hearing.  Lybrand represents that, after the sentencing hearing, she recalls meeting with Livingston's wife and family in the hallway of the courthouse.

Lybrand was approached with Government's Exhibit 1, which is a letter from Lybrand to Livingston dated February 27, 2020 (Dkt. No. 38-3, at 1).  Lybrand was asked to read the document's second full sentence in the second paragraph:  "As we discussed after the sentencing hearing, an appeal is not indicated in your case, so none will be taken."  (Government's Exhibit 1). Lybrand explained that she meant that no notice of appeal had been filed and that they would not be appealing this because she had discussed it with Livingston immediately after the sentencing hearing.

Lybrand states that, according to her billing records, Livingston called her on March 10, 2020, March 16, 2020, and March 30, 2020, but there was no discussion of an appeal on those calls.  Lybrand testified that at no point did Livingston ask to file an appeal.  Lybrand did not recall

Livingston ever telling her that he wanted her to file an appeal. To the best of Lybrand's recollection, she has not failed to file an appeal when a client requested one and that it has never been alleged against her, outside of this case.

On cross examination, Lybrand testified that she was not positive, but her recollection was that the subject matter of the three March 2020 calls was about when Livingston would be transferred, getting his paperwork to BOP, and his security level. Lybrand could not recall if Livingston acknowledged receiving the letter marked as Government's Exhibit 1 over the phone. Lybrand testified that, after she left the courthouse that day of the sentencing hearing, there was no mention of an appeal by Livingston.

Lybrand testified that, because this would have been an *Anders* brief, had she been asked to file a notice of appeal, Lybrand would have done that, and then the case would have gone to the appellate lawyer in her office to write the *Anders* brief. Lybrand acknowledges that she was moving right after this to another state but explained that the procedure remained the same.

### III.    Analysis

"A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Barger*, 204 F.3d at 1182*; see Rodriguez v. United States,* 964 F.2d 840, 842 (8th Cir. 1992). After reviewing the record in this case and hearing testimony at the Court's March 19, 2026, evidentiary hearing, the Court finds more credible Lybrand's testimony and recollection of events.

"To satisfy the duty to consult, counsel must advise a defendant of the advantages and disadvantages of appealing and make a reasonable effort to determine his wishes." *Keys v. United States,* 545 F.3d 644, 647 (8th Cir. 2008) (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000)).

The Court is satisfied that Lybrand fulfilled her duty to consult with Livingston.  There is no dispute that the Court advised Livingston of his right to appeal at the conclusion of the sentencing hearing.  Lybrand and Livingston both recall a conversation between them at the conclusion of the sentencing hearing about an appeal, although their recollections differ as to the substance of that conversation.

Neither side disputes that the letter, Government's Exhibit 1, was sent by Lybrand, and Livingston admitted in his testimony to receiving Government's Exhibit 1. The letter that is Government's Exhibit 1 states:  "As we discussed after the sentencing hearing, an appeal is not indicated in your case, so none will be taken."  Government's Exhibit 1.  The letter clearly communicates to Livingston Lybrand's understanding that no appeal will be filed on Livingston's behalf.

Livingston testified that, when he received the letter that is Government's Exhibit 1, he had already told Lybrand before receiving the letter that he wanted to appeal.  However, it is undisputed that Livingston did not reach out to this Court or the Eighth Circuit Court of Appeals regarding his right to appeal from the date of his sentencing to the date after he realized no appeal had been filed in his case.

Further, Lybrand's billing records confirm that she and Livingston spoke by telephone three times after the sentencing, and although Lybrand does not recall the specifics of each of those calls, she does not recall the subject of filing a notice of appeal being discussed again with Livingston after the conversation that occurred at the conclusion of the sentencing hearing.  Lybrand testified that, if Livingston wanted to appeal, she would have filed a notice of appeal and followed the same procedures in Livingston's case as are followed in all cases with respect to appeals.  Lybrand

6

addressed in her testimony and discounted with her explanation the significance of her change in jobs around this time.

For all of these reasons, this Court determines that Livingston has failed to carry his burden of demonstrating that he instructed Lybrand to file an appeal in his case. Accordingly, to the extent Livingston asserts an ineffective assistance of counsel claim on these grounds, the Court denies his request for relief and dismisses with prejudice Livingston's petition for writ of *habeas corpus*. This Court declines to issue a certificate of appealability, determining that Livingston has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If Livingston desires future review of his § 2255 motion, Livingston may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals. *See Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000) (addressing request for certificate of appealability after denied by the district court); *see also* Rules Governing § 2255 Proceedings, Rule 11.

It is so ordered this 27th day of March, 2026.

_____
Kristine G. Baker
Chief United States District Judge